■ RAYMOND F. MENDEZ, Respondent, v. KOWEIS REALTY CORP., Appellant.— Appeal by defendant from an order of the Supreme Court, Kings County, dated January 30, 1969, which denied its motion to set aside a jury verdict in favor of plaintiff upon a trial on the issues of liability only. Appeal dismissed, with costs (*Fortgang* v. *Chase Manhattan Bank,* 29 A D 2d 41). Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOWARD RUSSELL McCRAW, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 18, 1968 upon resentence on a 1952 conviction of assault in the second degree with intent to commit rape in the second degree, upon his plea of guilty, the resentence being to an indeterminate term of one day to life *nunc pro tunc* as of the time of the original sentence in 1952. Judgment affirmed. The defendant's main contention on this appeal is that the psychiatric report relied upon by the resentencing court was "insufficient as a matter of law" to permit imposition of the one day to life sentence. It is clear, however, that the sentencing court did not rely solely on the report but upon all the evidence proffered at defendant's hearing, including the report. We have reviewed the entire record and conclude that the sentencing court acted properly (see *People* v. *Rhodes,* 15 N Y 2d 729). We have also considered defendant's other contentions and find them to be without merit. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID READE, Appellant.— By a previous decision of this court rendered January 10, 1966 on this appeal from a judgment of the Supreme Court, Richmond County, rendered February 21, 1964, this case was remittted to the trial court for a *Huntley* hearing and the appeal has been held in abeyance in the interim (*People* v. *Reade,* 25 A D 2d 438). The hearing has been held and a decision thereon has been rendered adverse to defendant, dated December 13, 1966. Judgment affirmed (Code Crim. Pro., § 542). We agree with appellant that the trial court should have assisted him in the production of Fire Marshal Tiedemann as a witness at the trial, but, in view of Tiedemann's testimony at the subsequent *Huntley* hearing, where appellant was represented by counsel and had a full opportunity to demonstrate any weakness in that testimony, we think the error may me disregarded as harmless. Beldock, P. J., Christ, Brennan, Rabin and Kleinfeld, JJ., concur.

■ MARILYN P. ZEITLAN, Appellant, v. HARRY ZEITLAN, Respondent, et al., Defendant.— In an action for separation in which judgment was rendered dismissing the complaint and declaring the marriage of appellant and respondent void and in which this court (1) modified the judgment by awarding appellant $100 a week alimony and (2) otherwise affirmed the judgment insofar as appealed from (*Zeitlan* v. *Zeitlan,* 31 A D 2d 955), plaintiff appeals from an order of the Supreme Court, Queens County, dated July 16, 1969, which awarded her $350 for a counsel fee and expenses upon the cross appeals to the Court of Appeals from said determination of this court. Order modified, on the facts and in the exercise of discretion, by increasing the award to $1,000. As so modified, order affirmed, with $10 costs and disbursements to appellant. In our opinion, the award for a counsel fee and expenses is inadequate to the extent indicated herein. Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.